[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10044

_____

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2006

D.C. Docket No. 02-03458-CV-CAP-1

ELIZABETH WHITTLE,

Plaintiff-Appellant,

versus

GMJ LTD., (formerly Fun Fit Enterprises, Inc.,
d.b.a.  Fitness Plus) d.b.a. Gold's Gym,
FUN FIT ENTERPRISES, INC.,
d.b.a. Fitness Plus,
GOLD'S GYM FRANCHISING, INC.,
GOLD'S GYM INTERNATIONAL, INC.,
ADMINSOLUTIONS, INC., II,
JAMES E. MROCZKOWSKI, Individually,
GEORGE BECERRA, Individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 15, 2006)**

Before TJOFLAT and KRAVITCH, Circuit Judges, and LAWSON[*], District Judge.

PER CURIAM:

This is a sex discrimination case. Elizabeth Whittle claims that a limited partnership, four corporations, and two individuals infringed her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(k), by discharging her from her employment as a fitness instructor because she was pregnant.[1] She seeks compensatory and punitive damages against each of them under Title VII and under Georgia tort law, for intentional infliction of emotional distress. The district court, adopting in full the recommendation of the magistrate judge to whom the case had been referred, granted the defendants' motions for summary judgment. We affirm.

Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . ." 42 U.S.C. § 2000e(b). In her Report and Recommendation ("R & R") to the district

---

[*] Honorable Hugh Lawson, United States District Judge for the Middle District of Georgia, sitting by designation.

[1] Title VII prohibits an employer from discriminating against an employee – with respect to compensation and the terms, conditions and privileges of her employment – on the basis of sex, including pregnancy, childbirth and related medical reasons. See 42 U.S.C. §§ 2000e-2(a)(1), 2000e(k).

court, see Record, Vol. 4, at Tab 112, the magistrate judge, in disposing of Whittle's Title VII claims, assumed that the limited partnership and the four corporate defendants were the plaintiff's employers.[2] There was nothing in the record, however, to warrant the assumption that three of the corporate defendants, Fun Fit Enterprises, Inc., Gold's Gym Franchising, Inc., and Gold's Gym International, Inc., qualified as Whittle's employer under Title VII. Thus, these defendants were entitled to summary judgment on that ground alone.

What the evidence in the record shows is that Whittle was employed by the fourth corporate defendant, Adminsolutions, Inc., a professional employer organization. Under a contractual arrangement with Adminsolutions, GMJ, Ltd., the limited partnership, purchased the services of the plaintiff and eight others.[3] Since the record does not show that Adminsolutions had "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," Adminsolutions could not have been Whittle's Title VII employer and was entitled to summary judgment for that reason.

---

[2] The plaintiff conceded to the court below that she is only pursuing state law intentional infliction of emotional distress claims against the individual defendants.

[3] A document in the record apparently created by Adminsolutions shows how plaintiff's wages were calculated. Testimony in the record indicates that she received her paychecks at GMJ's premises.

This leaves GMJ, Ltd., as the only possible Title VII employer in this case. GMJ admits that it employed the plaintiff – in that it supervised her work and had the power to discharge her – but denies that it was a Title VII "employer." Whether the plaintiff established GMJ as a Title VII employer sufficient to withstand summary judgment is a close question, a question we need not answer because she failed to make out a case of sex discrimination.

## I.

The record viewed in the light most favorable to the plaintiff discloses the following. Whittle went to work for Fun Fit Enterprises, Inc., at its Buford, Georgia gym, in May 2001.[4] She was employed as a fitness coordinator and exercise instructor.[5] Her supervisor, the person who hired her, was James Mroczkowski, Fun Fit's president, who managed the gym.

Sometime before the end of the year, Fun Fit sold the gym to GMJ, Ltd. In early January 2002, GMJ, with Mroczkowski as its manager, began operating the gym as "Gold's Gym," under a franchise awarded it by Gold's Gym Franchising, Inc. At the same time, Whittle and others who had worked for Fun Fit were hired by Adminsolutions to work at Gold's Gym.

---

[4] The first entry for the plaintiff in Fun Fit's Payroll Data Entry Journal is for the two-week payroll period June 4 to June 18, 2001.

[5] Whittle was also assigned duties in the gym's day care center.

Whittle became pregnant in the fall of 2001. She informed Mroczkowski of that fact in November. By March 2002, her pregnancy had advanced to the point that Mroczkowski wondered whether it would be safe for her to continue teaching exercise classes, so he asked her to have her doctor provide him with a note indicating her limitations.[6] Shortly after making this request, Mroczkowski left Gold's Gym. He was replaced by George Becerra, who arrived near the end of March.

On April 15, Becerra asked Judy Bugsch,[7] one of his assistants, to have Whittle come to his office. Bugsch did as requested. What transpired thereafter is disputed.[8] Becerra contends that he summoned Whittle to his office to discuss her attitude toward the other exercise instructors and the gym's clientele; he thought she was disrespectful. Whittle denies this. According to her, Becerra's first words were that she was fired. She asked him for a reason, but he gave none. Bugsch says that Whittle asked Becerra point blank whether she was being let go because

---

[6] The record does not contain a note from Whittle's physician or any other medical evidence indicating when she should stop work. Soon after Mroczkowski asked Whittle for a note from her doctor, a note directed to Whittle was placed in the gym's "suggestion box." The note was from her "power pump" students (not identified). It asked her to step down from teaching the power pump class because she was "too pregnant." There is no evidence that the note was created by the plaintiff's employer or at its direction. We therefore consider the note irrelevant.

[7] Bugsch was one of the employees provided by Adminsolutions.

[8] Bugsch was present throughout Whittle's presence in Becerra's office.

she was pregnant, and that Becerra said no. Taking these versions of the meeting in the light most favorable to the plaintiff, we conclude that Becerra brought her to his office for the purpose of firing her, and that he wanted Bugsch there to witness what was said.

## II.

After filing a claim with the Equal Employment Opportunity Commission and receiving a right to sue letter, Whittle brought this law suit, naming as defendants the appellees before us and three other corporations that have been dismissed from the case.[9] The claims now before us were brought under Title VII and Georgia tort law.[10] Following considerable discovery, the defendants moved for summary judgment, and we have indicated, the court granted it. This appeal followed.

## III.

Whittle's appeal is straight forward. She contends that material issues of fact exist which precluded the court from disposing of her Title VII and state tort law claims on summary judgment. The magistrate judge, in finding no merit in

---

[9] These defendants, Fitness Plus, Inc., Gold's Gym, Inc., and Gold's Gym Enterprises, Inc., were dismissed without prejudice on the plaintiff's motion.

[10] In her complaint, Whittle also sought recovery against the defendants under 42 U.S.C. § § 1985 and 1986. The court dismissed these claims under Fed. R. Civ. P. 12(b)(6). Whittle does not challenge the ruling in this appeal.

Whittle's Title VII claims, assumed for sake of argument that the plaintiff had made out a prima facie case of sex discrimination – that her employer (whichever defendant entity that might have been) had discharged her because she was pregnant – and moved to the question of whether the employer had articulated a non-discriminatory reason for its action and, if so, whether the plaintiff had shown such reason to be a pretext for discrimination. We indulge the same assumption – that Whittle established a prima facie case – although the evidence on that point is problematic. Since, as the magistrate judge properly found, the employer's reason for firing Whittle was non-discriminatory, we proceed to the question of pretext.

In her R & R, the magistrate judge identified five pieces of evidence that, according to the plaintiff, demonstrated pretext and therefore the employer's intent to discharge her because she was pregnant:

> (a) Discriminatory comments made by Mroczkowski concerning other pregnant women employed at the gym;
> (b) Mroczkowski's removal of some of plaintiff's job duties (day care) due to concern about her pregnancy;
> (c) Mroczkowski's request that plaintiff provide a doctor's note permitting her to continue teaching exercise classes;
> (d) Becerra's purported exclusion of plaintiff from a staff meeting and revelation that plaintiff 'would not be performing duties she had expected to perform because she would have young children'; and
> (e) 'Conflicting evidence regarding the reason for plaintiff's termination.'

See Record, Vol 4, at Tab 112.

The first three pieces of evidence are irrelevant because Becerra, not Mroczkowski, was the decision maker. Moreover, if Mroczkowski harbored an intent to discriminate against Whittle because she was pregnant, there is no evidence that he communicated such intent to Becerra. The fourth piece is meritless for the reason the magistrate stated in the R & R. See id. As for the fifth piece, considered in the light most favorable to Whittle, Becerra fired her for no reason at all. That is, when she requested a reason, he gave her none; that was her testimony.

In sum, we find no material issue of fact as to the plaintiff's TitleVII claim of sex discrimination.

Turning to the state law tort claim, we affirm the district court's summary dismissal of that claim for the reasons stated in the R & R. See id.

**AFFIRMED.**